# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 7 2012

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| MBOHO MKPARAWA IBIBIO USA, INC., MAURICE E. EKWO, INDIVIDUALLY; MAURICE E. EKWO AS HIGH COMMISSIONER AND AGENT OF MBOHO MKPARAWA IBIBIO USA, INC. ; ESSIEN ISON AS DIRECTOR OF MBOHO MKPARAWA IBIBIO USA, INC.; GODWIN EKPENE, INDIVIDUALLY; AND GODWIN EKPENE AS DIRECTOR, CO-INCORPORATOR AND DEPUTY HIGH COMMISSIONER OF MBOHO MKPARAWA IBIBIO USA, INC. **Plaintiffs,** | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |
| **V.** | § § § | |
| SYLVANUS OKON, JOSEPH D. IBOKETTE, DR. MACARTAN "MAC" UKPONG, EFFIONG EYO MBABA, EMMANUEL ISONG AND IBOK ESEMA **Defendants.** | § § § § § § | |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** MBOHO MKPARAWA IBIBIO USA, INC., MAURICE E. EKWO, ESSIEN

ISONG and GODWIN EKPENE, hereinafter called Plaintiffs, complaining of and about

SYLVANUS OKON, JOSEPH D. IBOKETTE, DR. MACARTAN "MAC" UKPONG, EFFIONG

EYO MBABA, EMMANUEL J. ISONG and IBOK ESEMA, hereinafter called Defendants, and for

cause of action show unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2.      Plaintiff, MBOHO MKPARAWA IBIBIO USA, INC., a subsidiary of MBOHO MKPARAWA IBIBIO, is an Individual whose address is 6300 Hillcroft Street, Suite 519, Houston, Texas 77081.

3.      Plaintiff, MAURICE E. EKWO, is an Individual, High Commissioner and Agent of Mboho Mkparawa Ibibio USA, Inc. whose address is 6300 Hillcroft Street, Suite 519, Houston, Texas 77081.

4.      Plaintiff, ESSIEN ISONG, is an Individual and Director of Mboho Mkparawa Ibibio USA, Inc. whose address is 11770 Westheimer Rd., Houston, TX 77077

5.      Plaintiff, GODWIN EKPENE, is an Individual, Director, Co-Incorporator and Deputy High Commissioner of Mboho Mkparawa Ibibio USA, Inc. whose address is 8353 Emerald Lane West, Westland, MI 48185.

6.      Defendant SYLVANUS OKON is a citizen of the State of Texas.  Said Defendant may be served with process by leaving copies at Defendant's dwelling with a person of suitable age and discretion who resides at the same address.  Defendant's address is as follows:  75 Big Trl, Missouri City, TX 77459.

7.      Defendant JOSEPH D. IBOKETTE is a citizen of the State of Texas.  Said Defendant may be served with process by leaving copies at Defendant's dwelling with a person of suitable age and discretion who resides at the same address.  Defendant's address is as follows:  629 West Heritage Dr., Tyler, TX 75703.

2

8.    Defendant DR. MACARTAN "MAC" UKPONG is a citizen of the State of Texas. Said Defendant may be served with process by leaving copies at Defendant's dwelling with a person of suitable age and discretion who resides at the same address. Defendant's address is as follows: 3114 Pine Heaven Rd., Tyler, TX 75703.

9.    Defendant EFFIONG EYO MBABA is a citizen of the State of Georgia. Said Defendant may be served with process by leaving copies at Defendant's dwelling with a person of suitable age and discretion who resides at the same address. Defendant's address is as follows: 706 Millstone Dr., Jonesboro, GA 30238.

10.    Defendant EMMANUEL ISONG is a citizen of the District of Columbia. Said Defendant may be served with process by leaving copies at Defendant's place of employment with a person of suitable age and discretion who resides at the same address. Defendant's address is as follows: 3000 Connecticut NW Ave, Washington DC 20008

11.    Defendant IBOK ESEMA is a citizen of the State of Maryland. Said Defendant may be served with process by leaving copies at Defendant's dwelling with a person of suitable age and discretion who resides at the same address. Defendant's address is as follows: 1526 Claridge Rd., Gwynn Oak, MD 21207.

**JURISDICTION AND VENUE**

12.    This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1331, insofar as it raises questions under the law and treaties of the United States and subject matter jurisdiction under 28 U.S.C. § 1338 insofar as it raises questions under trademarks, copyrights and unfair competition.

13.     This Court has supplemental subject matter jurisdiction over the state claims in this action pursuant to 28 U.S.C. § 1367(a) as these state claims form part of the same case and/or controversy as the federal counts in this action.

14.     This Court has personal general jurisdiction, in accordance with traditional notions of fair play and substantial justice, over both Defendants because of Defendants' substantial and continuous contacts with the forum state.

15.     This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400. Mboho Mkparawa Ibibio maintains its U.S. headquarters in this district and Defendant SYLVANUS OKON resides in this district.

## FACTS

16.     Mboho Mkparawa Ibibio is a socio cultural organization of Ibibio youths founded in 1987 and registered with the Nigerian Corporate Affairs Commission under the Company and Allied Matters Act of 1990. See **Exhibit A – "Who We Are", Exhibit B – Registration, and Exhibit C – Address by Defendant Sylvanus Okon at a the 2008 National Convention while serving as a Mboho's High Commissioner**, on file and incorporated here by reference.

17.     **The plaintiffs are the owner *or* assignee of the <u>Name</u>, Mboho Mkparawa Ibibio and Mboho Mkparawa Ibibio, USA, Inc.; <u>Logo</u> containing "the sun with seven rays, an open book on top of two elephant tusks mounted on a green manila with the inscription oneness for service"; <u>Motto</u>, "Oneness for service" registered under Nigeria Law; and <u>Trade Dress</u>, *Formal Uniform*: (A). Men - (a). Traditional Usobo, (b). White Lace Chieftaincy (long tail and elbow length shirt) and (c). MMI Cap; (B). Women - (a). White Lace short sleeve blouse, (b).**

4

**Complete Wrapper (Ndot Iba), (c). Big Red Headtie.** *Informal Uniform***: A) Men - (a). Black oblong cap beaded with Mboho logo, (b). White Lace Chieftaincy (long tail and elbow length shirt), (c). Black Pant; (B) Women - (a) White Lace Caftan, (b) Black and Gold Head tie. The Registration is valid and is in full force, and has become incontestable. Plaintiffs have adopted and used the Name, Logo, Motto, and Dress on or after the inception of the Organization in Nigeria and the Name, Logo, Motto, and Dress has become distinctive or inherently distinctive. See Exhibits D – Mboho Mkparawa Ibibio's Constitution, page 4, part 1; and Exhibit E - Mboho Mkparawa Ibibio, USA, Inc.'s Constitution, page 1, Article 1,** on file and incorporated here by reference.

18.     Mboho Mkparawa Ibibio was first established in the United States in Houston as MBOHO MKPARAWA IBIBI0, HOUSTON CHAPTER by OFFONMBUK U. ESHETT, ANIEKAN TIM UMOETTE, and UDUAK VICTOR ESHIET, in 2005. See **Exhibit F – Assumed Name Certificate**, on file and incorporated here by reference.

19.     After the appointment of Defendant, Sylvanus Okon as the USA's High Commissioner by the National President from Nigeria, and with the power vested in him by the Organization through its constitution, the Organization was Incorporated in the USA as Mboho Mkparawa Ibibio USA, Inc. in August 2006. See **Exhibit G – Article of Incorporation,** on file and incorporated here by reference.

20.     Mboho Mkparawa Ibibio USA, Inc. is a non-profit organization established as an affiliate to the main or parent body in Akwa Ibom State of Nigeria, and so incorporated to operate in the United States as an incorporated 501(c)(3) Organization but not to operate as a separate Organization apart from its parent Organization in Nigeria. See **Exhibit H – Letter from a Member**

**of the Board of Trustee,** on file and incorporated here by reference.

21.     There are currently six (6) chapter representing the Organization in the United States, with directives from the parent body in Nigeria; its constitution emulates the Original Constitution from Nigeria, and continues to use the original attributes and properties of the parent Organization including but not limited to the Name, Logo, Motto, and Trade Dress.

22.     The National Officers are elected by majority votes, while the High Commissioner is then appointed by the sitting President from Nigeria.

23.     All Officers and High Commissioner serve for a period of four (4) years unless removed.

24.     A High Commissioner serves for a period of four (4) years unless removed or reappointed.

25.     Defendant, Sylvanus Okon was first appointed to the position of the High Commissioner in charge of the USA by the then President, from Nigeria, who brought the Organization to the U.S.A. through Houston, TX, in January 2006, and reappointed by the next two sitting Presidents, from Nigeria, in July 2006 and 2010 respectively; Defendant served for about six (6) years until October 2011. See **Exhibit I – July 2006 Reappointment letter**, on file and incorporated here by reference.

26.     On or about October 10, 2011, Mr. Okon was replaced by Dr. Maurice E. Ekwo. See **Exhibit J – Removal letter**, and **Exhibit K - Appointment letter**, appointing Dr. Ekwo as the new High Commission to replace Defendant, on file and incorporated here by reference.

6

27.     **Dr. Ekwo is the duly appointed High Commissioner of the Organization pursuant to the constitution and by-laws and is entitled, as representing the entire membership, to manage and control the affairs of the Organization and to have the custody of its money, property and records; Defendants, on the other hand, have possession of such money, property and records and have refused to deliver same to plaintiffs.**

28.     Defendant, Sylvanus Okon, instead of handing over as require by the Constitution, **(see Exhibit E, page 15, Article 12)** decided to form insurgency along with his co-defendants JOSEPH IBOKETTE and DR. MACARTAN "MAC" UKPONG, taking along the names, logo, motto, trade dress, and other insurgents.

29.     Defendants, cause an article to be published in Concord news, a Nigerian News paper that the group of insurgents are separating from the parent body in Nigeria in a coup fashion without due process accorded to its members and in violation of the Organization's Constitution. See **Exhibit L – Publication in Nigerian Newspaper,** on file and incorporated here by reference. By their acts and conducts, Defendants made away with the Organization's assets including but not limited to Name, Logo, Motto, Dress and Funds.

30.     On or about November 18, 2011, as a result of his defiance, Defendant, Sylvanus Okon was expelled from the organization and ordered to return all organization's properties to the new appointed High Commissioner, Dr. Maurice L. Ekwo. See **Exhibit M – Expulsion letter to Sylvanus Okon,** on file and incorporated here by reference.

31.     On or about November 18, 2011, Co-Defendant, Joseph Ibokette was expelled from the organization and ordered to return all organization's properties to the new appointed High

Commissioner, Dr. Maurice L. Ekwo. See **Exhibit N – Expulsion letter to Joseph Ibokette,** on file and incorporated here by reference.

32.     On or about December 19, 2011 Co-Defendant, DR. MACARTAN "MAC" UKPONG was expelled, along with other insurgence, from the organization and ordered to return all organization's properties to the new appointed High Commissioner, Dr. Maurice L. Ekwo. See **Exhibit O – Expulsion letter to Dr. Mac Ukpong,** on file and incorporated here by reference.

33.     Mr. Okon refused to step down; rather he conspired with Defendants, Dr. Ukpong and Mr. Ibokette to convene illegal meetings forming an independent body under the same name and/or different variation of the same **name, logo, motto and dress** declaring himself as the Interim National President, with the Co-conspirators as the Treasurer and Secretary respectively. **Exhibit P – Restructuring Notice,** on file and incorporated here by reference.

34.     Defendants, SYLVANUS OKON, JOSEPH D. IBOKETTE AND DR. MACARTAN "MAC" UKPONG, have refused to hand over the assets of the organization and fraudulently converting the funds of Mboho Mkparawa Ibibio USA, Inc., organization's name and asset for their benefit in violation of the constitution of Mboho and their oath of office/oath of allegiance.

35.     **Defendants, since November 2011, without the plaintiff's consent, began using and continues to use the Funds, Logo, Motto, Name and Dress or plaintiffs' registered mark in interstate commerce and Nigeria. Specifically, Defendants continue to use Plaintiffs' Name, Logo and Motto on their letterheads. See Exhibit Q – Letter written by Defendant, Joseph D. Ibokette of Mboho Mkparawa Ibibio's Letterhead.**

36.     **Defendants' use of the Logo, Motto, name and dress will likely deceive or cause**

8

confusion or mistake as to source or origin of the organization in the mind of the people of Ibibio and the community at large. **The Defendants' acts as set forth above constitute infringement under the Lanham Act (*15 U.S.C. § 1114(1)*), infringement under the Texas Trademark Act (*Tex. Bus. & Com. Code § 16.26*), or infringement under the United States is the Copyright Act of 1976 (Copyright Act), *17 U.S.C.S. §§ 101-1101*, the Copyright Act, as amended by the Berne Convention or Section 43(a)(1)(A) of the Lanham Act [*15 U.S.C. § 1125(a)(1)(A)*].**

37.     On January 3, 2012, Plaintiff, Dr. Ekwo was authorized by the parent organization to take legal action to recoup the assets of the Organization.  See **Exhibit R – Letter Authorizing Legal Action,** on file and incorporated here by reference.

38.     As of January 27, 2012, the Organization has in excess of $37,000.00 at stake. See **Exhibit S – Letters from Chase Bank and Bank of America showing the Organization Account Balance,** on file and incorporated here by reference.

39.     Movants attach affidavits, **Exhibits T – Affidavit of Godwin Ekpene, U – Affidavit of Essien Isong, and V– Affidavit of Dr. Maurice E. Ekwo** hereto and incorporate as if set forth at length.

## COUNT I

## VIOLATION OF THE PARIS CONVENTION FOR THE PROTECTION OF INDUSTRIAL PROPERTY AND THE LANHAM TRADEMARK ACT, *15 U.S.C.A. §§ 1051 et seq.*

40.     Plaintiffs incorporates the allegations set forth in paragraphs I through 38 as though set forth at length herein.

41.     The Paris Convention for the Protection of Industrial Property (hereinafter, the "Paris Convention") Article 6bis(1) provides that at the request of an interested party, a country should undertake "to refuse or to cancel the registration, and prohibit the use, of a trademark which constitutes a reproduction, an imitation, or a translation, liable to create confusion, of a mark considered by the competent authority of the country of registration or use to be well known in that country as being already the mark of a person entitled to the benefits of this Convention and used for identical or similar goods. These provisions shall also apply when the essential part of the mark constitutes a reproduction of any such well-known mark or an imitation liable to create confusion there-with."

42.     Both the United States and Nigeria are signatories to the Paris Convention.

43.     The Lanham Trademark Act, *15 U.S.C.A. §§ 1051 et seq.,* provides that "(a)ny person whose country of origin is a party to any convention or treaty relating to trademarks, trade, or commercial names, or the repression of unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law, shall be entitled to the benefits of this section under the conditions expressed herein to the extent necessary to give effect to any provision of such convention, treaty or reciprocal law, in addition to the rights to which any owner of a mark is otherwise entitled by this chapter." *15 U.S.C.A. §1126(b).*

44.     The Lanham Trademark Act also provides that "Trade names or commercial names of persons described in subsection (b) of this section shall be protected without the obligation of filing or registration whether or not they form parts of marks." *15 U.S.C.A. §1126(g).*

45.     A trademark need not be registered in the United States in order for a plaintiff to make a claim under the Lanham Act.

10

46.     Plaintiffs' name, banners, logo, motto and dress are arbitrary, distinct and thus strong and there are substantial similarity between the parties' trade names such that the marks creates the same overall impression to community, which has great impact on the likelihood of confusion. See the Lanham Act, 15 U.S.C.S. § 1125(a)

47.     Defendants have violated both international law and United States law by copying and using the name, logo, motto and dress (which is registered and has been recognized as belonging to MBOHO MKPARAWA IBIBIO under Nigerian law decades before the Defendant's unauthorized use of the name, motto, and logo) on their letterhead without authorization.

48.     The actions of the Defendants have caused confusion amongst community members by misleading the public as to the ownership and the origin of the Name, Logo, Motto and Dress, and such confusion has injured the Trust.

49.     Despite repeated demands by Plaintiffs to cease unauthorized use of the "MBOHO MKPARAWA IBIBIO" and/or "MBOHO MKPARAWA IBIBIO, USA INC." name logo, motto and dress, Defendants have continued to use the name and logo.

50.     The conduct and actions of Defendants represent a clear violation of both the Lanham Trademark Act and the Paris Convention, which has caused Plaintiffs to sustain damages.

## COUNT II

### VIOLATION OF THE BERNE CONVENTION FOR THE PROTECTION OF LITERARY AND ARTISTIC WORKS AND THE COPYRIGHT ACT OF 1976, *17 U.S.C.A. §§ 101-810* and *§§ 1001-1010*)

51.     Plaintiffs incorporates the allegations set forth in paragraphs 1 through 49 as though set forth at length herein.

11

52.     The Berne Convention for the Protection of Literary and Artistic Works (hereinafter, the "Berne Convention") Article 5(1) provides that "Authors shall enjoy, in respect of works for which they are protected under this Convention, in countries of the Union other than the country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specifically granted by this Convention."

53.     The Berne Convention provides further that "(t)he enjoyment and exercise of these rights shall not be subject to any formality; such enjoyment and such exercise shall be independent of the existence of protection in the country of origin of the work." Article 5(2).

54.     Both the United States and Nigeria are signatories of the Berne Convention.

55.     The Copyright Act of 1976 (hereinafter, the "Copyright Act") extends copyright protections in the United States to "pictorial, graphic" works. *17 U.S.C.A. § 102(a)(5).*

56.     The Copyright Act provides that a court may grant a temporary and/or a final injunction in order to "prevent or restrain infringement of a copyright." *17 U.S.C.A. § 502(a).*

57.     The Copyright Act provides that a court may grant an order to impound and/or destroy all copies which have been made or used in violation of the copyright, and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced. *17 U.S.C.A. § 503.*

58.     The Copyright Act also provides that a copyright infringer is liable to the copyright owner for all actual damages and lost profits suffered as a result of the infringement, or said copyright infringer is liable for statutory damages as provided by the Copyright Act, at the copyright owner's option. *17 U.S.C.A. § 504.*

59.     The Copyright Act provides that the Court may allow for the recovery of full costs and reasonable attorneys' fees against a copyright infringer. *17 U.S.C.A. § 505.*

60.     Defendants have violated both international law and United States law by copying and using the name "MBOHO MKPARAWA IBIBIO" and/or "MBOHO MKPARAWA IBIBIO, USA INC." and the original and creative Plaintiffs graphic logo and motto (which is registered and has been recognized as belonging to Plaintiffs under Nigerian law decades before Defendants' unauthorized use of the logo and motto) in manner inconsistent with Plaintiff's right including on their letterhead without authorization.

61.     The actions of the Defendants have caused confusion amongst community members by misleading the public as to the ownership and the origin of the Name, Logo, Motto and Dress, and such confusion has injured Plaintiffs.

62.     Despite repeated demands by Plaintiffs to cease unauthorized used of the MBOHO MKPARAWA IBIBIO Logo graphic, Motto, and Dress; Defendants have continued to use the logo graphic, Motto, and Dress.

63.     The conduct and actions of Defendants represent a clear violation of both the Copyright Act and the Berne Convention.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

64.     Plaintiffs incorporates the allegations set forth in paragraphs I through 62 as though set forth at length herein.

65.     All Defendants, based on their aforesaid conduct with respect to their unauthorized and intentional use of the original and creative "MBOHO MKPARAWA IBIBIO" and/or "MBOHO MKPARAWA IBIBIO, USA INC." trademark logo in the identification of their letterhead, publicity

and distribution of newsletters, have created a likelihood of confusion or deception as to the origin of the organization.

66.     The actions of the Defendants have caused confusion amongst community members in the United States and abroad by misleading the people as to the ownership and the origin of the, and such confusion has injured the Plaintiffs.

67.     As a result of the actions of all Defendants, the Plaintiffs has suffered and continues to suffer injury and damages.

## COUNT IV
## COMMON LAW COPYRIGHT INFRINGEMENT

68.     Plaintiffs incorporates the allegations set forth in paragraphs 1 through 66 as though set forth at length herein.

69.     All Defendants, based on their aforesaid conduct with respect to their unauthorized and intentional use of the original and creative "MBOHO MKPARAWA IBIBIO" and/or "MBOHO MKPARAWA IBIBIO, USA INC." artwork in the identification of their letterhead, publicity and distribution of newsletters, have created a likelihood of confusion or deception as to the origin of the organization.

70.     The actions of the Defendants have caused confusion amongst community members by misleading the public as to the ownership and the origin of the Name, Logo, Motto and Dress, and such confusion has injured the Plaintiffs.

71.     As a result of the actions of all Defendants, the Plaintiffs has suffered and continues to suffer injury and damages.

14

## COUNT V
## INFRINGEMENT UNDER THE TEXAS TRADEMARK ACT
### (*Tex. Bus. & Com. Code § 16.26*)

72.     **P**laintiffs incorporates the allegations set forth in paragraphs I through 70 as though set forth at length herein.

73.     Tex. Bus. & Com. Code § 16.26 provides that a person commits an infringement if, without the registrant's consent, he (1) uses anywhere in this state a reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in connection with selling, offering for sale, or advertising goods or services when the use is likely to deceive or cause confusion or mistake as to the source or origin of the goods or services;  or (2) reproduces, counterfeits, copies, or colorably imitates a mark registered under this chapter and applies the reproduction, counterfeit, copy, or colorable imitation to a label, sign, print, package, wrapper, receptacle, or advertisement intended to be used in selling, leasing, distributing, or rendering goods or services in this state when the use is likely to deceive or cause confusion or mistake as to the source or origin of the goods or services.

74.     A registrant may sue for damages and to enjoin an infringement proscribed by Subsection (a) of this section. . .

75.     If the court determines that there has been an infringement, it shall enjoin the act of infringement and may (1) require the infringer to pay the registrant all damages resulting from the acts of infringement and occurring from and after the date two years before the day the suit was filed;  and (2) order that the infringing reproductions, counterfeits, copies, or colorable imitations in the possession or under the control of the infringer be (A) delivered to an officer of the court; (B) delivered to the registrant;  or (C) destroyed.

76. A registrant is entitled to recover damages under Subsection (c)(1) of this section only for an infringement that occurred during the period of time the infringer had actual knowledge of the registrant's mark.

77. All Defendants, based on their aforesaid conduct with respect to their unauthorized and intentional use of the original and creative "MBOHO MKPARAWA IBIBIO" and/or "MBOHO MKPARAWA IBIBIO, USA INC." trademark logo, motto, and dress in the identification of their letterhead, publicity and distribution of newsletters, have created a likelihood of confusion or deception as to the origin of the organization.

78. The actions of the Defendants have caused confusion amongst community members by misleading the public as to the ownership and the origin of the Name, Logo, Motto and Dress, and such confusion has injured Plaintiffs.

79. The unauthorized use of the MBOHO MKPARAWA IBIBIO and/or MBOHO MKPARAWA IBIBIO, USA INC. name, logo, motto and dress by Defendants started decades after Plaintiffs firmly established its name, logo, motto and dress in the United States.

80. As a result of the actions of all Defendants, Plaintiffs has suffered and continues to suffer injury and damages; the community and public at large have confused the two groups because of the mark and have mistakenly accused Plaintiffs of double standards, irresponsible publicity, and otherwise defacing the name, dignity and objectives of the Ibibio people and culture, because of the actions of the Defendants described above.

## COUNT VI

### MBOHO MKPARAWA IBIBIO USA, INC.'S CLAIM FOR BREACH OF FIDUCIARY DUTY

81. Plaintiffs incorporates the allegations set forth in paragraphs I through 79 as though

set forth at length herein.

82.    Plaintiff, MBOHO MKPARAWA IBIBIO USA, INC. and Defendants had a fiduciary relationship as principal and agents respectively.

83.    Defendants as Officers of MBOHO MKPARAWA IBIBIO USA, INC. owes the organization the duty of the utmost good faith, not to usurp corporate opportunity for personal gain, duty of loyalty, to mention but a few.

84.    Defendants' conducts has caused and continues to cause Plaintiffs' injuries, to wit, Defendants have made away with Plaintiffs' Properties and funds.

## COUNT VII
## MBOHO MKPARAWA IBIBIO USA, INC.'S CLAIM FOR FRAUD

85.    Plaintiffs incorporates the allegations set forth in paragraphs I through 83 as though set forth at length herein.

86.    Defendants took an oath to uphold the constitution and be loyal to the organization.

87.    His Promise was material to appointing or electing them to their respective Offices.

88.    When they made the oath or swore to be loyal, they knew that they were making false promises.

89.    Defendants made the promise to induce the Cooperation to trust and retaining them.

90.    Plaintiff relied on their oath in retaining them.

91.    As a result of their false promises, Plaintiff, MBOHO MKPARAWA IBIBIO USA, INC. is suffering damages.

## COUNT VIII
## MBOHO MKPARAWA IBIBIO USA, INC.'S CLAIM FOR TORTIOUS
## INTERFERENCE WITH EXISTING CONTRACT

92.    Plaintiffs incorporates the allegations set forth in paragraphs I through 90 as though

set forth at length herein.

93.      In October 2011, MBOHO MKPARAWA IBIBIO USA, INC. terminated Mr. Sylvanus Okon's Appointment and appointed Dr. Maurice E Ekwo as its High Commissioner.

94.      Mr. Sylvanus Okon, rather than step down, continued to divert company's assets to its personal interest of remaining in power under the same name.

95.      Mr. Okon and his Co-Defendant are aware of the termination and appointment. Defendants interfered with the organizations contract with Dr. Ekwo by making it impossible to manage the organizations affair as mandated.

96.      As a result of Defendant's conduct, Plaintiff has suffered damages because Plaintiff's asserts is being diverted.

## COUNT IX
## MBOHO MKPARAWA IBIBIO USA, INC.'S CLAIM FOR CONVERSION

97.      Plaintiffs incorporates the allegations set forth in paragraphs I through 95 as though set forth at length herein.

98.      Plaintiff, MBOHO MKPARAWA IBIBIO USA, INC. owns different chapters with bank accounts including those under tax ID 56-2607648 and other items of value.

99.      The items are personal items including but not limited to caps, certificates, records, donated books.

100.     Defendants have wrongfully taken these properties.

101.     The wrongful taking of these items is costing Plaintiff and Plaintiff has suffered damages.

## COUNT X
## MAURICE E. EKWO'S CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

18

102.     Plaintiffs incorporates the allegations set forth in paragraphs I through 100 as though set forth at length herein.

103.     In October 2011, MBOHO MKPARAWA IBIBIO USA, INC. terminated Mr. Sylvanus Okon's Appointment and appointed Dr. Maurice E Ekwo as its High Commissioner.

104.     Mr. Sylvanus Okon, rather than step down, continued to divert company's assets to its personal interest of remaining in power under the same name.

105.     Mr. Okon and his Co-Defendant are aware of the termination and appointment. Defendants interfered with the organizations contract with Dr. Ekwo by making it impossible to manage the organizations affair as mandated.

106.     As a result of Defendant's conduct, Plaintiff has suffered damages because Plaintiff's asserts is being diverted.

## COUNT XI
## ESSIEN ISONG'S CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

107.     Plaintiffs incorporates the allegations set forth in paragraphs I through 105 as though set forth at length herein.

108.     In October 2011, MBOHO MKPARAWA IBIBIO USA, INC. terminated Mr. Sylvanus Okon's Appointment and appointed Dr. Maurice E Ekwo as its High Commissioner.

109.     Mr. Sylvanus Okon, rather than step down, continued to divert Organization's assets to his personal interest, of remaining in power as the President/leader of his newly formed group under the same name.

110.     Mr. Okon and his Co-Defendant are aware of the termination and appointment. Defendants interfered with the organizations contract with Dr. Ekwo by making it impossible to

manage the organizations affair as mandated.

111.    As a result of Defendant's conduct, Plaintiff has suffered damages because Plaintiff's asserts is being diverted.

## COUNT XII
## GODWIN EKPENE'S CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

112.    Plaintiffs incorporates the allegations set forth in paragraphs 1 through 110 as though set forth at length herein.

113.    In October 2011, MBOHO MKPARAWA IBIBIO USA, INC. terminated Mr. Sylvanus Okon's Appointment and appointed Dr. Maurice E Ekwo as its High Commissioner.

114.    Mr. Sylvanus Okon, rather than step down, continued to divert company's assets to its personal interest of remaining in power under the same name.

115.    Mr. Okon and his Co-Defendant are aware of the termination and appointment. Defendants interfered with the organizations contract with Dr. Ekwo by making it impossible to manage the organizations affair as mandated.

116.    As a result of Defendant's conduct, Plaintiff has suffered damages because Plaintiff's asserts is being diverted.

## APPLICATION AND AFFIDAVIT FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

### (Summery of TRO Requested)

117.    Plaintiffs request the Court to grant them, without the necessity of a hearing, a Temporary Restraining Order (TRO), restraining the defendants, their agents, employees, representatives, and/or with their knowledge or consent, to immediately:

(1)    Engaging in any and every activity in organizing any meeting using the name,

banners, logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**;

(2)  Withdrawing funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts including all organizational account under Tax ID 56-2607648; Account No. 687975110 and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**;

(3)  Using the logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** anywhere for any purpose, private or public without the express written permission of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**'s U.S. High Commissioner, Dr. MAURICE E. EKWO;

(4)  Portraying themselves as officers of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**;

(5)  Depleting in any manner any funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts, including all organizational accounts under Tax ID 56-2607648; Account No. 687975110; the amount in excess of $37,000.00 available in the name of MBOHO MKPARAWA IBIBIO USA, INC. as of January 27, 2012, and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** in any manner as existed as of October 10, 2011.

(6)  Misappropriating the names and identities of bona fide members who signed up for life insurance as members of the organization or altering their information and benefits therein.

Plaintiffs are willing to post reasonable bond if the Court deems it necessary.

118.  Plaintiffs will suffer irreparable harm if defendant is not enjoined during the pendency

of this lawsuit. Plaintiffs have imminent need to be protected from the continuing assault, abuse and misappropriation on the name, banners, logo, motto and dress of the organization, and the consequential damage to its reputation. Such damage has already occurred and continues to be imminent and will continue without the entry of a Preliminary Injunction. The harm to Plaintiffs is irreparable because Plaintiffs will be burdened with undue debt; permanent and irreversible confusion is being and continues to be created in the minds of the community and friends of MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA IBIBIO, MMI and/or MMI USA, INC. regarding their highly respected MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA IBIBIO, MMI and/or MMI USA, INC. Plaintiffs have no adequate remedy at law because the injuries resulting from Defendant's action is irreparable and cannot be easily quantified.

119.    Plaintiffs will suffer immediate and irreparable injury, loss, or damage if Defendants' conduct described above is not enjoined for these reasons: Defendants will not be able to satisfy the judgment that will probably be rendered in Plaintiffs' favor in this suit; Defendants lack nonexempt property with which to satisfy the judgment; Defendants have demonstrated unwillingness to render accounting or return Plaintiffs' assets; and this conduct of Defendants will result in Defendants not having assets to satisfy the judgment and will render the Organization bankrupt.

120.    Plaintiffs request that, after notice of hearing, the court enter an order preventing Defendants, their agents, employees, representatives, those acting in concert with them, directly or indirectly with their consent, from organizing and conducting any meeting in the name, banners, logo, motto and dress of MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA IBIBIO, MMI and/or MMI USA, INC., during the pendency of this lawsuit;

        1.    It is highly probable Plaintiff will recover from Defendant or will prevail on the merits.

22

2.   If Plaintiffs application is not granted, harm is imminent because Defendants and their agents are in violation of the existing constitution of the organization and are likely to continue to do so, without the entry of this TRO.

3.   The harm that will result if the TRO is not issued is irreparable because Plaintiffs will be burdened with undue debt, permanent and irreversible confusion would be created in the minds of most Ibibios and friends of Ibibios as to the legitimate leadership of MBOHO MKPARAWA IBIBIO USA, INC.; a permanent scar and indelible scare would be created among the Ibibios, friends of the Ibibios and persons within the judicial system to incorrectly view the Ibibios as a lawless people with little or no disregard for the rule of law including court orders; defendants would proclaim their triumphal defiance of MBOHO MKPARAWA IBIBIO USA, INC.'s constitution and it would set a dangerous and irreversible precedent for not only the Diaspora Ibibios community, but for other similarly situated communities; it would permanently and irreversibly erode the credibility and goodwill of Plaintiffs..

4.   Plaintiffs have no adequate remedy at law because the injuries they would suffer from Defendants action is irreplaceable and cannot be easily quantified.

5.   The harm faced by plaintiff outweighs the harm that would be sustained by the defendant if the preliminary injunction were granted.

6.   Issuance of a preliminary injunction would not adversely affect public interest and public policy because the public interest is served by preventing consumer confusion in the community.

## DAMAGES FOR PLAINTIFF, MBOHO MKPARAWA IBIBIO USA, INC.

121.   As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, MBOHO MKPARAWA IBIBIO USA, INC., was caused to suffer loss of funds, loss of

earning and loss of membership, and to incur the following damages:

A.   Compensatory damages, including but not limited to all damages for loss of

revenue, damage to reputation and goodwill, and other losses resulting from the unlawful actions of all Defendants;

B.    Punitive damages for the extreme and outrageous conduct of all Defendants;

C.    Damages for corrective advertising;

D.    All costs of suit, including reasonable attorneys' fees;

E.    Any and all such other relief deemed equitable and just by this Court, as provided by law.

## DAMAGES FOR PLAINTIFF, MAURICE E. EKWO

122.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MAURICE E. EKWO, was caused to suffer Mental Anguish and humiliation, and to incur the following damages:

A.    Compensatory damages, including but not limited to all damages for loss of revenue, damage to reputation and goodwill, and other losses resulting from the unlawful actions of all Defendants;

B.    Punitive damages for the extreme and outrageous conduct of all Defendants;

C.    Any and all such other relief deemed equitable and just by this Court, as provided by law.

## DAMAGES FOR PLAINTIFF, ESSIEN ISONG

123.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ESSIEN ISONG, was caused to suffer injury and damages, and to incur the following damages:

A.    Compensatory damages, including but not limited to all damages for loss of

revenue, damage to reputation and goodwill, and other losses resulting from the unlawful actions of all Defendants;

B.   Punitive damages for the extreme and outrageous conduct of all Defendants;

C.   Any and all such other relief deemed equitable and just by this Court, as provided by law.

## DAMAGES FOR PLAINTIFF, GODWIN EKPENE

124.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, GODWIN EKPENE, was caused to suffer injury and damages, and to incur the following damages:

A.   Compensatory damages, including but not limited to all damages for loss of revenue, damage to reputation and goodwill, and other losses resulting from the unlawful actions of all Defendants;

B.   Punitive damages for the extreme and outrageous conduct of all Defendants;

C.   Any and all such other relief deemed equitable and just by this Court, as provided by law.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against all Defendants, jointly and severally, awarding them:

A.   A temporary restraining order be issued without notice to the defendant, restraining the defendant from:

(1)   Engaging in any and every activity in organizing any meeting using the name, banners, logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA,**

INC., **MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**;

(2) Withdrawing funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts including all organizational account under Tax ID 56-2607648; Account No. 687975110 and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**;

(3) Using the logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** anywhere for any purpose, private or public without the express written permission of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**'s U.S. High Commissioner, Dr. MAURICE E. EKWO;

(4) Portraying themselves as officers of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**;

(5) Depleting in any manner any funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts, including all organizational accounts under Tax ID 56-2607648; Account No. 687975110; the amount in excess of $37,000.00 available in the name of MBOHO MKPARAWA IBIBIO USA, INC. as of January 27, 2012, and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** in any manner as existed as of October 10, 2011.

(6) Misappropriating the names and identities of bona fide members who signed up for life insurance as members of the organization or altering their information and benefits therein.

B.    A temporary injunction be issued, after notice to the defendant and a hearing, enjoining the defendant from:

(1) Engaging in any and every activity in organizing any meeting in the name of

26

**MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.;**

(2)    Withdrawing funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts including all organizational account under Tax ID 56-2607648; Account No. 687975110 and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.;**

(3)    Using the logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** anywhere for any purpose, private or public without the express written permission of MBOHO MKPARAWA IBIBIO USA, INC. High Commissioner, Dr. MAURICE E. EKWO;

(4)    Portraying themselves as officers of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.;**

(5)    Depleting in any manner any funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts, including all organizational accounts under Tax ID 56-2607648; Account No. 687975110; the amount in excess of $37,000.00 available in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI OR MMI USA, INC.** as of January 27, 2012, and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** in any manner as existed as of October 10, 2011.

C.    A permanent injunction be ordered on final trial of this cause, enjoining the defendant from:

(1)    Engaging in any and every activity in organizing any meeting using the name, banners, logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.;**

27

(2)      Withdrawing funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts including all organizational account under Tax ID 56-2607648; Account No. 687975110 and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.;**

(3)      Using the logo, motto and dress of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** anywhere for any purpose, private or public without the express written permission of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.**'s U.S. High Commissioner, Dr. MAURICE E. EKWO;

(4)      Portraying themselves as officers of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.;**

(5)      Interfering in any manner any funds from all and any account in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** accounts, including all organizational accounts under Tax ID 56-2607648; Account No. 687975110; the amount in excess of $37,000.00 available in the name of **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI OR MMI USA, INC.** as of January 27, 2012, and other accounts relating to or associated with **MBOHO MKPARAWA IBIBIO USA, INC., MBOHO MKPARAWA, MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC.** in any manner as existed as of October 10, 2011.

(6)      Misappropriating the names and identities of bona fide members who signed up for life insurance as members of the organization or altering their information and benefits therein.

D.      Compensatory damages, including but not limited to all damages for loss of revenue, damage to reputation and goodwill, and other losses resulting from the unlawful actions of all Defendants;

E.      All property of MBOHO MKPARAWA IBIBIO USA, INC.,

MBOHO MKPARAWA IBIBIO, MMI or MMI USA, INC. in possession of Defendants.

F.      Punitive damages for the extreme and outrageous conduct of all Defendants;

G.      Damages for corrective advertising;

H.      All costs of suit, including reasonable attorneys' fees;

I.      Any and all such other relief deemed equitable and just by this Court, as provided by law.

Respectfully submitted,

By: _____
GOGO U.K. OWOR
Texas Bar No. 24026105
6475 Hillcroft Street, Suite B
Houston, TX 77081
Tel. (713) 778-8000
Fax. (713) 779-4646
Attorney for Plaintiffs
MBOHO MKPARAWA IBIBIO USA, INC.,
MAURICE E. EKWO, ESSIEN ISONG and
GODWIN EKPENE

29